**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| MOHAMMED AWAL, | : | |
| | : | Civil Action No. 17-8486(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Mr. J. HOLLINGSWORTH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**BUMB**, District Judge

Plaintiff, Mohammed Awal ("Awal"), a prisoner incarcerated in Great Plains Correctional Facility in Hinton, Oklahoma filed this civil rights complaint on October 16, 2017. (Compl., ECF No. 1.) Awal also filed an application to proceed without prepayment of fees ("*in forma pauperis*" or "IFP"), pursuant to 28 U.S.C. § 1915. His application establishes his inability to prepay the filing fee, and IFP is granted. (ECF No. 1-1.)

28 U.S.C. § 1915(e)(2)(B) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> > (A) the allegation of poverty is untrue; or
>
> > (B) the action or appeal--

>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or
>
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

I. BACKGROUND

Liberally construing the complaint, Awal raises Eighth Amendment constitutional claims under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971),[1] for failure to protect from a dangerous condition in the recreation yard, and inadequate medical care for injuries he suffered on May 31, 2015 at FCI Fort Dix in Fort Dix, New Jersey. (Compl., ECF No. 1 at 7-8.) He names as defendants Warden J. Hollingsworth; Dr. Ravi Sood; R.N. L. Dimatteo; P.A. Gibbs; P.A. Shelton; C.O. Thomas; Mr. Lebron in Health Services; Mr. Womack, Recreation Supervisor; and Mr. Pizzo, Safety Officer. (<u>Id.</u> at 9.)

Awal alleged that he was an inmate at FCI Fort Dix on May 31, 2015, when he injured his ankle playing soccer in the recreation yard. (<u>Id.</u> at 7.) The field designated for soccer was not level and had numerous small holes. (<u>Id.</u>) Several inmates had been injured on the field. (<u>Id.</u>) C.O. Thomas was in charge of the

---

[1] In <u>Ziglar v. Abbasi</u>, the Supreme Court held that courts must conduct a special analysis to determine whether a <u>Bivens</u> remedy should be implied in a particular case. 137 S.Ct. 1843, 1859-60 (2017). This Court will not reach the <u>Bivens</u> remedy issue because Awal fails to state a <u>Bivens</u> claim.

recreation yard that day, and he failed to inspect the field for safety before allowing inmates to use it for soccer. (Compl., ECF No. 1 at 10.) All staff members knew about the poor conditions of the field because numerous inmates had suffered serious injuries while playing on the field. (Id.) Awal had personal knowledge from his employment as a recreational worker that Mr. Womack, Recreation Supervisor at FCI Fort Dix, and Mr. Pizzo, Safety Officer, knew about the bad condition of the field. (Id. at 11.)

Awal immediately reported his injury to a staff member in the recreation yard. (Id. at 7.) He then saw Physician Assistants ("PA") Shelton and Gibbs for medical evaluation. (Id. at 10.) Without taking x-rays, they diagnosed a twisted ankle. (Id.) They concluded there was no fracture due to lack of major swelling, and they wrapped his ankle. (Id.)

The following day, Awal saw Dr. Ravi Sood and R.N. L. Dimatteo. (Id. at 11.) Dr. Sood ordered x-rays and discovered a fracture in Awal's ankle. (Id.) Dr. Sood directed R.N. Dimatteo to rewrap and splint Awal's ankle. (Id.)

On June 16, 2015, Awal saw an outside orthopedic specialist, Dr. Ahmas Shakir, who concluded that Awal's ankle wrap and splint were done incorrectly, and his ankle showed minimal improvement due to this error. (Id.) Dr. Shakir ordered stiffer wrapping and a new splint. (Id.) On November 3, 2015, a medical staff member

3

told Awal that his ankle showed heterotopic ossification, a complication of fractures. (Compl., ECF No. 1 at 7.)

In the first week of October 2016, Awal was informed that he would be transferred to a private prison in Hinton, Oklahoma. (Id. at 8.) Awal raised an objection to Mr. Lebron, Health Services Assistant, because private prisons have a reputation of sub-standard medical care. (Id.) Nonetheless, Awal was transferred to Great Plains Correctional Facility in Hinton, Oklahoma, where he received only Ibuprofen and an ankle brace despite the swelling, pain and chronic changes in his ankle. (Id.)

Awal continues to suffer pain, limited strength and range of motion and visible deformation of his ankle. (Id. at 11.) He alleged Warden J. Hollingsworth oversees FCI Fort Dix, and is responsible for proper medical treatment of all inmates. (Id. at 12.) Awal summarized his claims:

> I do not believe the treatment I received early on following my injury until my departure from FCI Fort Dix was properly considered or performed, due to lack of qualified staff, false initial diagnosis and delay of proper treatment and being transferred from Fort Dix to a private prison regardless of my ongoing rehabilitation and treatment and it result to a possible permanent condition of weakness and pain of my ankle.

(Id.)

II. DISCUSSION

    A.    <u>Legal Standard</u>

Courts must liberally construe documents that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, the Court is required to *sua sponte* dismiss any claim that is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. The standard for assessing whether a complaint fails to state a claim upon which relief may be granted under §§ 1915(e)(2)(B)(ii) and 1915(A)(b)(1) is identical to the legal standard used for ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Courteau v. U.S., 287 F. App'x 159, 162 (3d Cir. 2008) (per curiam) (citing e.g. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

A court must accept as true the factual allegations in a complaint. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

B. Failure to Protect

Awal alleged C.O. Thomas, Mr. Womack and Mr. Pizzo were aware of the poor condition of the field where Awal was permitted to play soccer because numerous inmates had been injured on the field. They did nothing to correct the problem.

"To prove an Eighth Amendment violation based on a failure to ensure his reasonable safety, [a prisoner] must show that the Defendants were 'deliberately indifferen[t] to a substantial risk of serious harm.'" Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010) (quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994)). The issue of deliberate indifference is a subjective inquiry, and the issue of risk of harm is evaluated objectively.

6

Id. (citing Atkinson v. Taylor, 316 F.3d 257, 262 (3d Cir. 2003)).

"Objectively serious harm also requires an assessment of society's view of the risk; i.e., whether 'it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.'" Id. at 257 (quoting Helling v. McKinney, 509 U.S. 25, 36 (1993)). Thus the objective component of the claim requires a prisoner to establish: (1) the seriousness of the injury; (2) a sufficient likelihood that serious injury will result under the circumstances present; and (3) the risks associated with the circumstances under which the injury occurred violate contemporary standards of decency. Id.

Here, Awal's injury is an ankle fracture. It is doubtful that an ankle fracture constitutes a serious injury for Eighth Amendment failure to protect claims. Even assuming an ankle fracture is a serious injury, "an Eighth Amendment violation may not be predicated on exposure to *any* risk of serious harm; the risk must be 'substantial.'" Betts, 621 F.3d at 258 (emphasis in original) (citing Helling, 509 U.S. at 33). In other words, the serious injury must be a common or likely occurrence.

Awal alleged numerous other inmates were injured playing sports on the uneven, potholed recreation yard. He does not state how many inmates were injured within a specific period of time, or how they were injured. This allegation falls short of pleading

7

that ankle injury was a common or likely occurrence from playing sports in the recreation yard.

Even if Awal's allegations establish the first two factors of the objective component of an Eighth Amendment failure to protect claim, he cannot establish the final factor, that permitting the risks of playing soccer on an uneven, potholed recreation yard violates contemporary standards of decency. "'To say that 'exposure' to [a substandard field] could violate the Eighth Amendment would be to imply that prison officials violate the Eighth Amendment by letting inmates play sports at all, because the risk of injury, even serious injury, is inherent.'" Betts, 621 F.3d at 258 [alteration in original] (quoting Christopher v. Buss, 384 F.3d 879, 882 (7th Cir. 2004)). Therefore, Awal has not met the objective component of an Eighth Amendment failure to protect claim against any of the defendants. This claim is dismissed with prejudice because amendment of the claim is futile.

C. Inadequate Medical Care

Awal alleges his injury was misdiagnosed and his ankle was not wrapped or splinted properly, resulting in potentially permanent injury. Neither misdiagnosis nor malpractice constitutes an Eighth Amendment violation for deliberate indifference to a serious medical need. See Stewart v. Pennsylvania Dep't of Corr., 677 F. App'x 816, 820 (3d Cir. 2017) (per curiam) (misdiagnosis of prisoner's ankle fracture as a sprain was not deliberate

8

indifference to a serious medical need); Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (negligence or medical malpractice do not constitute "deliberate indifference.")

Awal also seeks to hold Warden Hollingsworth liable for his inadequate medical care. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Iqbal, 556 U.S. at 676. Thus, even if Awal could state an Eighth Amendment deliberate indifference claim against the prison employees, Warden Hollingsworth is not liable merely because he is responsible for administration of the prison. "'There are two theories of supervisory liability,' one under which supervisors can be liable if they 'established and maintained a policy, practice or custom which directly caused [the] constitutional harm,' and another under which they can be liable if they 'participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations.'" Santiago v. Warminster Tp., 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (alterations in original)). Awal has not pled facts to support an

Eighth Amendment claim against Warden Hollingsworth for deliberate indifference to a serious medical need.

Awal also alleged Defendant Lebron was deliberately indifferent to his serious medical needs because he permitted Awal, over his objection, to be transferred to a private prison while he was in rehabilitation for his ankle injury. Absent factual allegations that the defendant knew the prisoner would sustain an injury exacerbating his existing medical condition upon his transfer or that the prison he was being transferred to was ill-equipped to treat his condition, the prisoner fails to state an Eighth Amendment claim. McKethier v. Folino, 540 F. App'x 76, 79 n. 5 (3d Cir. 2013) (per curiam) (rejecting an Eighth Amendment claim for transferring a chronically ill prisoner to another prison).

Thus, Awal's allegations that private prisons generally have a poor reputation for providing medical treatment, and that he was dissatisfied with the treatment that he received upon his transfer to Great Plains Correctional Facility are insufficient to state a claim. See Dominguez v. Governor of Pennsylvania, 574 F. App'x 63, 65 (3d Cir. 2014) (rejecting Eighth Amendment claim that prison officials acted with deliberate indifference by transferring prisoner to an out-of-state prison when he had a heart condition, absent allegations that the defendants knew the transfer facility was ill-equipped to treat his condition.) Furthermore, a prisoner

does not have a constitutionally protected liberty interest in being housed in a particular facility. Id. at n.1. Awal's Eighth Amendment inadequate care claims are dismissed with prejudice because amendment of the claims would not cure the fact that malpractice does not rise to the level of an Eighth Amendment violation.

    D.    Federal Tort Claims Act

Awal does not specifically mention the Federal Tort Claims Act but he alleges negligence by Defendants in their maintenance of the recreation yard and in the provision of medical care. 28 U.S.C. § 1346(b)(1) provides, in relevant part:

> the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, … for … personal injury … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

If Awal wishes to bring a claim under the Federal Tort Claims Act, the only proper defendant is the United States. CNA v. U.S., 535 F.3d 132, 138 n.2 (3d Cir. 2008). Prior to bringing such an action, Awal must first present the claim to the appropriate federal agency and must make "a demand for a sum certain." White-Squire v. U.S. Postal Service, 592 F.3d 453, 457 (3d Cir. 2010). The agency must make a final disposition of the claim within six

months. 28 U.S.C. § 2675(a). These requirements are jurisdictional. White-Squire, 592 F.3d at 457. Furthermore, there is a two-year statute of limitations for FTCA claims, which is subject to the doctrine of equitable tolling in appropriate circumstances. Santos ex rel. Beato v. U.S., 559 F.3d 189, 194-95 (3d Cir. 2009).

Awal has not made clear that he wishes to bring an FTCA claim against the United States or that he has met the prerequisites to bringing such a claim. Dismissal of this action does not preclude him from amending his complaint if he can plead facts establishing an FTCA claim.

III. CONCLUSION

For the reasons discussed above, the Eighth Amendment claims under Bivens are dismissed with prejudice for failure to state a claim; and the remainder of the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), and 1915A(b)(1).

An appropriate Order follows.

Dated: February 21, 2018         s/Renée Marie Bumb
                                 **RENÉE MARIE BUMB**
                                 **United States District Judge**